

KEN PAXTON

ATTORNEY GENERAL OF TEXAS

February 2, 2026

The Honorable Eduardo Serna
Zavala County Attorney
200 East Uvalde Street, Suite 2
Crystal City, Texas 78839

**Opinion No. KP-0512**

Re: Whether a commissioners court can rescind and readopt a different county budget after the annual budget was approved (RQ-0586-KP)

Dear Mr. Serna:

Prompted by Zavala County's budget process for fiscal year 2024–2025, you ask a series of questions about a county commissioners court's budget authority.[1] You explain that the "County Judge . . . filed [a] proposed budget on August 15, 2024," and the commissioners court held a public hearing regarding that proposed budget on September 4, 2024. Exhibit 1 at 1. At the conclusion of the hearing, you say the commissioners court both accepted a recommendation from the salary grievance committee to grant a compensation increase for certain elected officers[2] and approved a final budget. *See id.*; Exhibit 2 at 2. At least one commissioner subsequently learned of facts that led him to conclude that the commissioners court did not have to accept the salary grievance committee's recommendation, and, in response, he requested a legal opinion from you regarding this discovery's effect on the budget. Exhibit 1 at 3, 6. In a letter dated September 16, 2024, you advised the commissioner that the commissioners court could not rescind the approved budget and "re-adopt" a new budget in order to "take up the salaries" and that "the window to act on the budget" had closed. *Id.* at 1, 3. Nevertheless, the commissioners court took action on September 18, 2024, "to rescind the [a]pproved [b]udget . . . and adopt[] a 'new' budget, stripping the salary increases." Exhibit 2 at 2.

Against this backdrop, you first ask "[w]hether [a] commissioners court can rescind and re[-]adopt a different county budget after the annual budget [is] approved." Request Letter at 1. If the answer to this question is no, you wish to know whether "the commissioners subject[ed] themselves to legal liability under section 111.012 of the Local Government Code" by "adopt[ing]

---

[1] *See generally* Letter and Exhibits from Hon. Eduardo Serna, Zavala Cnty. Att'y, to Hon. Ken Paxton, Tex. Att'y Gen. (Mar. 5, 2025), https://www.texasattorneygeneral.gov/sites/default/files/request-files/request/2025/RQ 0586KP.pdf ("Request Letter" and "Exhibits," respectively) (on file with the Op. Comm.).

[2] You do not specify the elected officers at issue. *See* Exhibit 1 at 2 (stating you were not provided the names of the "elected officials who availed themselves" of the grievance committee process).

a new budget" and the County's remedy to reduce an elected officer's salary. *Id.* Finally, you ask "[w]ho . . . has the duty to file the approved budget under [s]ection 111.009 of the Local Government Code." *Id.* at 2. If the duty lies with the county auditor, you inquire whether he committed an offense "under section 111.012 . . . by refusing/failing to file the September 4th budget with the county clerk." *Id.*

> **Chapters 111 and 152 of the Local Government Code govern the process to adopt the county budget and set an elected county officer's salary, respectively.**

We begin with a general overview of the process to adopt a county budget and set an elected county officer's salary. Chapter 111, subchapter A, of the Local Government Code sets out the budget adoption process relevant here. *See* Exhibit 1 at 1. It requires the county judge to prepare a proposed budget, TEX. LOC. GOV'T CODE § 111.003(a), which the judge must file with the county clerk no later than August 15 and which must be made available for public inspection, *id.* § 111.006. The commissioners court must then hold a public hearing on the proposed budget "not later than the 25th day after the day the budget is filed." *Id.* § 111.007(a)–(b); *see also id.* § 111.0075(a) (requiring newspaper notice of the budget hearing). "At the conclusion of the public hearing, the commissioners court shall take action on the proposed budget," *id.* § 111.008(a), which could include adopting "the final budget at the end of the hearing[,] . . . amending the proposed budget[,] or scheduling a subsequent hearing at which to adopt the amended budget," Tex. Att'y Gen. Op. No. GA-0929 (2012) at 3 n.5; *see also* TEX. LOC. GOV'T CODE § 111.008(b) ("The commissioners court may make any changes in the proposed budget that it considers warranted by the law and required by the interest of the taxpayers."). "On final approval of the budget by the commissioners court, the court shall[] . . . file the budget with the county clerk[] and . . . if the county maintains an Internet website," post it on the website. TEX. LOC. GOV'T CODE § 111.009(a)(l)–(2). A county officer, employee, or official "who refuses to comply with" subchapter A commits a misdemeanor offense "punishable by a fine of not less than $100 or more than $1,000, confinement in the county jail for not less than one month or more than one year, or by both fine and confinement." *Id.* § 111.012.

At the same time, Chapter 152 of the Local Government Code prescribes a process for setting the salary of elected county officers.[3] *See generally id.* §§ 152.011–.018. "[T]he commissioners court shall give written notice to each elected county . . . officer of the officer's salary and personal expenses to be included in the budget." *Id.* § 152.013(c). Should the officer be "aggrieved by the setting of the officer's salary[,]" the officer "may request a hearing before the salary grievance committee before the approval of the county's annual budget." *Id.* § 152.016(a). After the hearing, the grievance committee may make a recommendation to increase an officer's salary to the commissioners court. *Id.* § 152.016(c) (specifying the circumstances under which "the commissioners court shall include [an] increase in the budget"). "The commissioners court shall set the" elected officer's salary "at a regular meeting of the [commissioners] court during the regular budget hearing and adoption proceedings." *Id.* § 152.013(a).

---

[3] We presume the officers at issue are subject to these provisions. *See, e.g.*, Exhibit 2 at 1 (discussing Chapter 152).

**A commissioners court may not wholly rescind and adopt a different county budget after the annual budget is approved.**

As related to the county budget process described above, we turn first to your question concerning the rescission of the approved annual budget and adoption of "a different county budget."[4] Request Letter at 1. As "creatures of the Texas Constitution, counties and commissioners courts are subject to the Legislature's regulation." *City of San Antonio v. City of Boerne*, 111 S.W.3d 22, 28 (Tex. 2003). Accordingly, a commissioners court's "power is limited to that which is expressly delegated to it by the Texas Constitution or Legislature, or necessarily implied to perform its duties." *Id.* at 29.

State law authorizes a county commissioners court to amend the final budget in two circumstances. *See* Tex. Att'y Gen. Op. No. KP-0052 (2015) at 2. A commissioners court may amend the budget for an emergency expenditure "in a case of grave public necessity to meet an unusual and unforeseen condition that could not have been included in the original budget through the use of reasonably diligent thought and attention." TEX. LOC. GOV'T CODE § 111.010(c); *see also Bexar Cnty. v. Hatley*, 150 S.W.2d 980, 987 (Tex. 1941) (discussing the commissioners court's budgetary discretion with respect to "grave public necessity"). And a commissioners court may make a non-emergency amendment "to transfer an amount budgeted for one item to another budgeted item." TEX. LOC. GOV'T CODE § 111.010(d). You do not suggest here that the budget was amended for an emergency expenditure or to transfer an amount budgeted for one item to another budgeted item.[5] Instead, we understand you to ask about a commissioners court wholly rescinding and adopting "a different county budget" after final approval of the annual budget. Request Letter at 1. There is no legislative provision that authorizes a commissioners court to rescind the budget after it has been finally adopted or to adopt a new budget under the circumstances you describe.[6] *See* TEX. LOC. GOV'T CODE §§ 111.010–.014.

**Whether a county commissioner refuses to comply with the budget preparation provisions and thereby commits an offense involves questions of fact that we do not resolve in an Attorney General opinion.**

Having answered your first question in the negative, we next consider your question regarding whether the county commissioners "subject[ed] themselves to legal liability under section 111.012 of the Local Government Code" by "adopt[ing] a new budget" on September 18, 2024, since "they were provided a legal opinion that they could not do that." Request Letter at 1.

---

[4] Whether any particular document is "the budget" finally approved by a commissioners court involves questions of fact, *Griffin v. Birkman*, 266 S.W.3d 189, 198–99 (Tex. App.—Austin 2008, pet. denied), that we do not resolve in an Attorney General opinion, *see, e.g.*, Tex. Att'y Gen. Op. No. KP-0416 (2022) at 2 (explaining the resolution of fact questions is outside the scope of the opinion process).

[5] Even if the budget was amended—rather than wholly rescinded and replaced—it would be impermissible to reduce the salary of an elected officer in this manner. *See infra* pp. 4–5. Further, the budgetary constraints discussed herein speak solely to limitations on local governments in Texas and not federal entities. *See* TEX. LOC. GOV'T CODE § 111.001 (specifying that subchapter A applies only to *counties* with a population of 225,000 or less).

[6] While not at issue here, we note that, separate from the regular budget process, commissioners courts must adopt a "special budget" upon receipt of certain revenue. *E.g.*, *id.* §§ 111.0106 (addressing receipt of grant or aid money), .0107 (addressing revenue from intergovernmental contracts).

Again, section 111.012 provides that a county officer commits a misdemeanor offense when the officer "refuses to comply" with subchapter A. TEX. LOC. GOV'T CODE § 111.012.

County commissioners are certainly county officers, *see* Tex. Att'y Gen. Op. No. GA-0994 (2013) at 1, thereby bringing them within the realm of section 111.012. Whether a county commissioner "refuses to comply" with the provisions of subchapter A requires "intent, knowledge, or recklessness" on the part of the commissioner. Tex. Att'y Gen. Op. No. KP-0430 (2023) at 3. But "we do not answer fact questions or determine whether a" person commits a criminal offense in an Attorney General opinion, Tex. Att'y Gen. Op. No. KP-0455 (2024) at 1, and cannot therefore address whether a commissioner committed an offense under section 111.012. We can, however, advise that a commissioners court's decision to ignore its attorney's legal opinion may potentially be introduced as evidence to support the prosecution of a criminal offense. *Cf. Tautenhahn v. State*, 334 S.W.2d 574, 584–85 (Tex. App.—Waco 1960, writ ref'd n.r.e.). It is ultimately left to the prosecutor's discretion—within the confines of the prosecutor's duties, *see, e.g.*, TEX. CODE CRIM. PROC. art. 2A.101(a); TEX. LOC. GOV'T CODE § 87.011(3)(B)–(C)—to evaluate the facts and evidence and determine whether to initiate criminal proceedings, *see* Tex. Att'y Gen. Op. No. KP-0430 (2023) at 3.

> **A commissioners court may not reduce the salary of an elected officer after the budget hearing and adoption proceedings are complete and a budget is approved.**

Having answered your first question in the negative, we also consider whether a commissioners court has any means to decrease the salary of an elected county officer after the budget is approved. *See* Request Letter at 1 (asking about a "remedy" if there is no authority "to rescind and adopt a new budget"). This office has repeatedly construed subsection 152.013(a) to authorize a county commissioners court to change an elected officer's salary *only* "at a regular meeting . . . during the regular budget hearing and adoption proceedings." TEX. LOC. GOV'T CODE § 152.013(a); *see also, e.g.*, Tex. Att'y Gen. Op. Nos. KP-0416 (2022) at 1 n.2, GA-0162 (2004) at 2, JC-0147 (1999) at 1; *cf., e.g.*, Tex. Att'y Gen. Op. No. H-11 (1973) at 3 (construing predecessor statute).

The plain language of subsection 152.013(a) confirms that construction is sound. When construing a statute, we look first to the words chosen by the Legislature and give them their plain meaning, as informed by the context in which they appear. *See GEO Grp., Inc. v. Hegar*, 709 S.W.3d 585, 591 (Tex. 2025). "When the words read in context are clear, they determine intent[] . . . ." *Id.* (quoting *Hegar v. Am. Multi-Cinema, Inc.*, 605 S.W.3d 35, 41 (Tex. 2020)). When terms are undefined, "we typically look first to dictionary definitions" to "determine a term's common, ordinary meaning." *Fort Worth Transp. Auth. v. Rodriguez*, 547 S.W.3d 830, 838 (Tex. 2018).

Subsection 152.013(a) provides that "[e]ach year the commissioners court shall set the" elected officer's salary "at a regular meeting of the [commissioners] court during the regular budget hearing and adoption proceedings." TEX. LOC. GOV'T CODE § 152.013(a). The Legislature's use of "shall" generally indicates a directive that is "mandatory, creating a duty or obligation." *Tex. Windstorm Ins. Ass'n v. Kelly*, 680 S.W.3d 632, 639 (Tex. App.—Beaumont 2023, pet. denied); *see also* TEX. GOV'T CODE § 311.016(2) (providing that "'[s]hall' imposes a duty" unless the context or statute provides otherwise). The verb "set" is not defined in the statute,

but its common meaning is "to resolve or decide upon." THE RANDOM HOUSE DICTIONARY OF THE ENGLISH LANGUAGE 1751 (2d unabridged ed. 1987). Unlike that for non-elected officers, *see* TEX. LOC. GOV'T CODE § 152.011, subsection 152.013(a) specifies the commissioners court's decision about an elected officer's salary must be made at a particular time—"at a regular meeting of the [commissioners] court during the regular budget hearing and adoption proceedings." *Id.* § 152.013(a).

Other procedures related to setting an elected officer's salary also support this construction. *See GEO Grp.*, 709 S.W.3d at 594 ("We do not consider statutory words and phrases in isolation."). For example, subsection 152.016(a) provides that an elected officer who "request[s] a hearing before the salary grievance committee" do so "*before the approval of the county's annual budget*." TEX. LOC. GOV'T CODE § 152.016(a) (emphasis added).

In sum, once the budget hearing and adoption proceedings are complete and a budget is approved, the commissioners court may not reduce the salary of an elected officer for that budget year. *See* Tex. Att'y Gen. Op. No. JM-0839 (1988) at 4, 7 (concluding the commissioners court did not have authority to reduce the county attorney's salary "from the amount approved at the annual budget hearing and budget adoption proceeding"); *see also* Tex. Att'y Gen. Op. No. KP-0416 (2022) at 1 n.2.

**The county commissioners court—not the county auditor—is charged with filing the approved budget with the county clerk.**

Moving to your last series of questions, you ask "[w]ho in particular has the duty to file the approved budget under [s]ection 111.009" and whether a county auditor "subject[s] himself to legal liability under section 111.012 . . . by refusing/failing to file the" budget approved by the county commissioners with the county clerk. Request Letter at 2. By its terms, subsection 111.009(a) provides that the commissioners court—not the county auditor—"shall[] . . . file the [approved] budget with the county clerk." TEX. LOC. GOV'T CODE § 111.009(a)(1); *accord* Exhibit 1 at 1 (advising "the [commissioners] court 'shall', i.e., must, file the budget with the county clerk"). As such, it is unclear how a county auditor would run afoul of subchapter A by refusing or failing to file the approved budget with the county clerk. *See* TEX. LOC. GOV'T CODE § 111.012(a).

## S U M M A R Y

Chapter 111, subchapter A, of the Local Government Code does not authorize a county commissioners court to wholly rescind and adopt a different budget after approval of the annual budget. Whether a county commissioner refuses to comply with subchapter A and thereby commits an offense under Local Government Code section 111.012 involves questions of fact that we do not resolve in an Attorney General opinion.

Pursuant to Local Government Code subsection 152.013(a), the commissioners court may not reduce the salary of an elected county officer once the budget hearing and adoption proceedings are complete and a budget is approved.

Local Government Code subsection 111.009(a) provides that the commissioners court—not the county auditor—shall file the approved budget with the county clerk. As such, it is unclear how a county auditor would run afoul of subchapter A by refusing or failing to file the approved budget with the county clerk.

Very truly yours,

KEN PAXTON
Attorney General of Texas

BRENT WEBSTER
First Assistant Attorney General

LESLEY FRENCH
Chief of Staff

D. FORREST BRUMBAUGH
Deputy Attorney General for Legal Counsel

JOSHUA C. FIVESON
Chair, Opinion Committee

CHRISTY DRAKE-ADAMS
Assistant Attorney General, Opinion Committee